IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOLLYE L. JACKSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 11-0023-WS-N |
| VAUGHN REGIONAL MEDICAL CENTER, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, filed a document on January 3, 2011, which the court docketed as a complaint. Doc. 1. Plaintiff appeared to be attempting to bring an employment discrimination action.

In an order (doc. 2) dated January 18, 2011, the court ordered plaintiff to file an amended complaint conforming to the pleadings requirements of the Federal Rules of Civil Procedure no later than February 18, 2011. To assist plaintiff, the court sent her a copy of its Guide to Pro Se Litigants. The court warned plaintiff that failure to file the amended complaint could result in dismissal of the action. Plaintiff failed to comply.

The court issued a second order (doc. 6) on March 14, 2011, noting that dismissal of her claim, even without prejudice, could preclude plaintiff from bringing her discrimination claim due to the limitations period applicable to such claims, and giving plaintiff "one final opportunity" to amend her complaint. The court set a new deadline of April 5, 2011. The order again warned plaintiff that her claim would be dismissed if she did not comply with the court's order. Plaintiff has again failed to amend her complaint within the time allowed, and has not sought an extension of time. Neither order was returned by the postal service.

Plaintiff's failure leaves the court with no alternative. Her initial filing is utterly inadequate as a complaint and she has ignored the court's repeated efforts to have her bring her claim properly. The court has the authority to dismiss an action for failure to comply with its order. See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its order and insure prompt disposition of lawsuits."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir.2006) (the court "has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."). No lesser sanction is sufficient in this situation.

Accordingly, it is hereby RECOMMENDED that this action be dismissed without prejudice for plaintiff's failure to comply with the orders of the court, and for violation of Fed.R.Civ.P. 8.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the 14th day of April, 2011.

/s/ Katherine P. Nelson  
UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE